STATE OF HAWAII, Plaintiff-Appellee, *v.* WILLIAM WIL-SON, Defendant-Appellant

NO. 8426

HONORABLE JAMES Y. SHIGEMURA, JUDGE

(TRAFFIC NO. T81-2589A)

MARCH 16, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT AND HAYASHI, JJ., AND RETIRED JUSTICE OGATA, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from the revocation for a period of six months of the appellant's driver's license on the ground that he had refused, in violation of § 286-155, HRS, to take a test of his breath or blood after having been arrested for driving while intoxicated. We reverse.

Appellant was arrested on June 4, 1981 for drunken driving. He executed HPD form 245, indicating an election to take a breath test. That form, in full, read as follows:

ADVISING PERSONS OF THE REQUIREMENTS
OF THE IMPLIED CONSENT LAW

I, <u>William James WILSON,</u> have been told and I under-
(NAME)
stand that I have a choice of taking a blood test or a breath test or both to determine the amount of alcohol contained in my blood, or, I can refuse to take either test.

I understand that if I refuse to take either test, a judge will determine whether the arresting officer had reasonable

grounds to believe that I drove a motor vehicle while under the influence of alcohol. I understand that if the judge determines that the officer had reasonable grounds, the judge, because of my refusal to take either test, will be required by the mandatory provisions of Hawaii Revised Statutes, Section 286-155, to revoke my Hawaii driving privileges and any non-resident operating privileges for a period of six months.

I wish to do the following: _____ Take a blood test

<u>WJW</u> Take a breath test

_____ Take both blood & breath tests

_____ Refuse to take a chemical test

| Witnessed by: | Signed: |
|---|---|
| <u>Michael G. Lafferty 2784</u> | <u>William J. Wilson</u> |
| (NAME) | (NAME) |
| <u>1455 S Beretania St</u> | <u>1550 Rycroft St. 115</u> |
| (ADDRESS) | (ADDRESS) |
| <u>0427          06 04 81</u> | <u>4:27          6/4/81</u> |
| (TIME)          (DATE) | (TIME)          (DATE) |

REMARKS:   (Unable to read, refused to sign, etc.)
<u>Defendant unable to complete the breath test, having made only a slight effort to blow into the machine. Refer also to a followup report by the machine operator.</u>

As the form notes, he agreed in writing to take a breath test. However, when he blew into the breathalyzer nothing registered, although he did this repeatedly. The officers were of the opinion that he simply was not blowing hard enough to register and that this was deliberate on his part. They therefore charged him with refusal to take a chemical test and the court found that he indeed had refused to take the breathalyzer test.

The problem is that nowhere on the HPD form 245 did appellant indicate a refusal to take a blood test and when the officers concluded that he had refused to take a breath test, they did not again offer him an opportunity to take a blood test.

The State states in its belief that when appellant was originally offered the option of taking a breathalyzer or a blood test, he refused the blood test, citing transcript pages 41-43. That is a

clear misstatement of the evidence. The transcript reads, beginning at line 23 on page 41:

Q    Did you at any time offer him to take a blood test?

A    No, I didn't.

Q    Any reason why you didn't offer him to take the blood test?

A    Yes, we are instructed to give them one opportunity to make the choice. He had that opportunity, he had made his choice, and hadn't cooperated.

Q    But the choice was made, Officer? Who instructed you of that?

A    I was instructed that way in recruit school, I was instructed before at the desk by the desk people.

It is clear that the appellant never expressly, either orally or in writing, refused to take a blood test. The choice of taking a breathalyzer test cannot be deemed to be a refusal to take a blood test unless the driver, orally or in writing, expressly so indicates. When the breathalyzer failed to register, it was therefore incumbent upon the police to offer the appellant an opportunity to take a blood test. Since they did not do so, and since there is no evidence of a refusal to take a blood test, the State has failed to prove a necessary element of its case, to wit, that the person had refused to take a test of his breath or blood.

Reversed.

*Evan R. Shirley* and *Marguerite B. Simson* (*Shirley & Jordan* of counsel) on the brief for appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, on the brief for appellee.